# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bill Patrick Hooker, | No. CV 09-0055-JAT (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

In this civil rights action brought by a county jail inmate, Defendant moves to dismiss for lack of exhaustion and on other grounds. (Doc. #20.) Plaintiff failed to respond, although he was informed of his rights and obligations to do so. (Doc. #22.)

The Court will grant the motion and terminate the action.

**I.    Background**

In Count III, Plaintiff claimed that his Eighth Amendment rights were violated when he was taken into custody by the Maricopa County Sheriff's Office and brought to the "Matrix," where he was detained in a series of holding cells containing from 35 to as many as 60 adult males. He alleged that these cells were severely overcrowded to the point that it was standing room only and that he was held in these cells for approximately 65 hours without sleep. (Doc. #1.) On screening, the Court dismissed the other claims and directed Defendant to answer Count III. (Doc. #5.)

///

///

## II. Motion to Dismiss

### A. Legal Standards

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. A court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

### B. Parties' Contentions

#### 1. Defendant

Defendant Arpaio moves to dismiss for lack of exhaustion of administrative remedies. In support of his motion, he submits a Statement of Facts (Doc. #21 (DSOF)), the declaration of Sergeant Susan Fisher (id. Ex. A); and a copy of the Maricopa County Sheriff's Office (MCSO) *Inmate Grievance Procedure*, DJ-3 (id., Ex. B).

Policy DJ-3 provides a multi-tiered administrative review process for grievances. MCSO provides every inmate with a copy of the grievance procedures at the time they are booked. (Id., Ex. B.) Detention officers pass out grievance forms as part of their daily duties and inmates receive grievance forms upon request. (Id., DSOF ¶ 5.) The process begins with the inmate submitting a grievance form to detention personnel, who will then attempt to resolve the issue. (Id., Ex. B.) It ends with an External Grievance Appeal, which is

1 forwarded to an external referee. (Id.) The Inmate Rules and Regulations, given to all
2 inmates, indicate that the only matters that cannot be grieved are disciplinary action, matters
3 that pertain to other inmates, or mass grievances signed by more than one inmate. (Id., and
4 DSOF ¶ 5.)

Fisher attests that MCSO maintains a record of all grievances, that she did a thorough search for a grievance filed by Plaintiff, and that there is no record that he filed a grievance regarding the 4th Avenue Jail holding cell and the alleged overcrowding. (Id., Fisher Decl. ¶¶ 7-9.)

### 2. Plaintiff

As noted, Plaintiff filed no response to the motion. Because a verified complaint may be used as an affidavit opposing a motion if it is based on personal knowledge and sets forth specific facts admissible in evidence, the Court will consider the allegations set forth in Plaintiff's Complaint. Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir. 1995). In his Complaint, Plaintiff alleged as to Count III that he did not exhaust his remedies because he "was denied the submittal and informed that the issue is non-grievable." (Doc. #1 at 5.)

### C. Analysis

Plaintiff was issued an Order containing the customary warnings regarding his obligation to respond and the potential consequences for failing to do so. (Doc. #22.)

Because Plaintiff failed to respond, he did not rebut Defendant's evidence that Plaintiff did not file any grievances while in MCSO custody. Plaintiff's vague and conclusory allegations in his Complaint do not alter this determination or refute Defendant's evidence that administrative remedies were available to Plaintiff. On this record, Defendant has met his burden of demonstrating the absence of exhaustion, and the Court will grant his motion to dismiss and dismiss the claims without prejudice. See Wyatt, 315 F.3d at 1119 (dismissal of an action for failure to exhaust remedies is not on the merits).

### III. Lack of a Response

Alternately, the Court has the discretion under Rule 7.2(i) of the Local Rules of Civil Procedure to deem Plaintiff's lack of response as consent to Defendant's motion to dismiss.

Plaintiff was warned of this possibility. (Doc. #22.) The Ninth Circuit Court of Appeals has upheld a dismissal based on a failure to comply with a similar local rule in the District of Nevada. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995). Before dismissal on this basis, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider these factors, the record may be reviewed independently on appeal for abuse of discretion. Henderson, 779 F.2d at 1424.

The first three factors do not favor Plaintiff, particularly in light of the fact that Plaintiff has apparently lost interest in prosecuting his action. There is no risk of prejudice to Defendant to resolve the motion in his favor, and judicial efficiency also favors resolution of this action. The fourth factor, favoring disposition of cases on their merits, weighs in favor of Plaintiff, and for the fifth factor, dismissal without prejudice is the least drastic sanction. In light of the overall five-factor analysis weighing in Defendant's favor, the Court will deem Plaintiff's lack of a response as a consent and dismiss the action without prejudice.

**IT IS ORDERED** that:

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant's Motion to Dismiss (Doc. #20).

(2) Defendant's Motion to Dismiss (Doc. #20) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion or, alternately, for failure to respond. The Clerk of Court must enter judgment accordingly.

DATED this 12th day of July, 2010.

James A. Teilborg
United States District Judge